IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 46,749-02






EX PARTE DANIEL A. PLATA, Applicant








ON COURT'S SUA SPONTE RECONSIDERATION OF


APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Per Curiam.



ORDER



 This is a subsequent application for a writ of habeas corpus filed pursuant to Tex. Code
Crim. Proc. art. 11.071. 

 On October 14, 1996, applicant was convicted of the offense of capital murder. Four
days later, the jury answered the special issues submitted pursuant to Article 37.071, Tex.
Code Crim. Proc., and the trial court, in accordance with the jury's answers, sentenced
applicant to death. This Court affirmed applicant's conviction and death sentence on direct
appeal. Plata v. State, No. 72,639 (Tex. Crim. App., July 8, 1998) (not designated for
publication). This Court denied applicant's original application for a writ of habeas corpus on
October 4, 2000. Ex parte Daniel Angel Plata, No. 46,749-01 (Tex. Crim. App. 2000). In this subsequent writ, applicant brings two claims, including an allegation of mental
retardation under Atkins v. Virginia, 536 U.S. 304 (2002). On September 15, 2004, we
dismissed without prejudice applicant's claims because we had previously been informed by
both parties that applicant's federal habeas writ appeal was pending in the Fifth Circuit. On
September 17, 2004, applicant's counsel informed this Court that, in fact, on August 16, 2004,
the Fifth Circuit had stayed its consideration of his federal writ so that Texas state courts could
consider his Atkins claim. We were also informed that on September 9, 2004, the Federal
District Court for the Southern District of Texas had entered an order staying applicant's case
pending a final decision by this Court on applicant's subsequent writ application. It would have
been helpful had we been timely advised of recent developments that affect our jurisdiction.

 Nonetheless, on reconsideration, we rescind our order of September 15, 2004 and
substitute this order in its stead.

 We have reviewed the present application and find that the first allegation, raising an 
Atkins claim, satisfies the requirements of Article 11.071, § 5(a), Tex. Code Crim. Proc. 
The second allegation does not satisfy an exception and is dismissed as an abuse of the writ. 
Accordingly, we find that the requirements for consideration of a subsequent application have
been met and the cause is remanded to the trial court for consideration of the first allegation.

 IT IS SO ORDERED THIS THE 29th DAY OF SEPTEMBER, 2004.

Do Not Publish